AO 245C (Rev. 09/19 — Amended Judgment in a Criminal Case
Sheet 1
Case 2:07-cr-20369-VAR-VMM   ECF No. 33, PageID.152   Filed 02/08/21   Page 1 of 8   Identify changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| ROGER JUNIOR SWEET | ) Case Number: 07-CR-20369-1 |
| | ) USM Number: 41951-039 |
| **Date of Original Judgment:** 11/7/2008 | ) Nancy McGunn |
| *(Or Date of Last Amended Judgment)* | ) Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1-4 & 5 of Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details | | | |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  6    ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 8, 2021
Date of Imposition of Judgment

s/Victoria A. Roberts
Signature of Judge

Victoria A. Roberts, U.S. District Judge
Name and Title of Judge

February 8, 2021
Date

Judgment — Page __2__ of __8__

DEFENDANT: ROGER JUNIOR SWEET
CASE NUMBER: 07-CR-20369-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2251(a) | Sexual Exploitation of Children | 1/9/07 | 1 |
| 18 U.S.C. §2251(a) | Sexual Exploitation of Children | 1/9/07 | 2 |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 1/9/07 | 3 |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 1/9/07 | 4 |
| 18 U.S.C. § 2252(a)(2) | Attempted Receipts of Child Pornography | 1/9/07 | 5 |

Judgment — Page __2__ of __8__

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __3__ of __8__

DEFENDANT: ROGER JUNIOR SWEET
CASE NUMBER: 07-CR-20369-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

262 months as to Counts 1-4; 240 months as to Count 5, to run concurrent. *This sentence is to run concurrent to sentences imposed in Wayne County Circuit Court Case #: 07-5651-FH and Oakland County Circuit Court Case #: 07-216675-FC. Mr. Sweet's state sentence began to run January 11, 2007. This should be the date that his federal sentence began as well.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant be designated to a facility with a mental health treatment program. It is further recommended that the defendant shall undergo a psychological evaluation and comply with the recommendations of the mental health professional.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  ROGER JUNIOR SWEET
CASE NUMBER:  07-CR-20369-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 years on each count to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:    ROGER JUNIOR SWEET
CASE NUMBER:    07-CR-20369-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Judgment—Page __6__ of __8__

DEFENDANT: ROGER JUNIOR SWEET
CASE NUMBER: 07-CR-20369-1

# ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords, and Internet Service Provider(s), that you have potential and/or reasonable access to and abide by all rules of the U.S. Probation Department's Computer Monitoring Program.

2. The defendant shall not use or own any device which allows Internet access other than authorized by the Probation Department. This includes, but is not limited to, PDAs, electronic games, WebTV solutions, Internet applications and cellular/digital telephones without the written approval of the probation officer.

3. The defendant shall consent to the probation officer conducting periodic unannounced examinations of all computer systems, which may include retrieval and copying of all memory from hardware/software and/or removal of such systems for the purpose of conducting a more thorough inspection, and will consent to having installed on your computers, at your expense, any hardware/software to monitor your computer use or prevent access to particular materials. You hereby consent to periodic inspection of any such installed hardware/software to ensure it is functioning properly to determine if you are in compliance with this computer monitoring condition.

4. For the purpose of accounting for all computers, hardware, software and accessories; the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner.

5. The defendant shall not have contact of any kind with children under the age of 18 or adults who have a physical or mental disability, without prior written approval of the probation officer. The defendant shall not frequent places where children congregate on a regular basis (such as but not limited to school grounds, playgrounds, child toy stores, video arcades, etc.).

6. The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue, that depict pornography, sexually explicit conduct, child erotica, or child nudity. The defendant shall not patronize any place where such material or entertainment is available.

7. The defendant shall not own or possess a camera, photographic device, and/or equipment, including video recording equipment.

8. The defendant shall successfully complete any sex offender diagnostic evaluations, treatment or counseling programs, and polygraph examinations as directed by the probation officer. Reports pertaining to sex offender assessments, treatment, and polygraph examinations shall be provided to the probation officer. Based on the defendant's ability to pay, the defendant shall pay the cost of diagnostic evaluations, treatment or counseling programs, and polygraph examinations in an amount determined by the probation officer.

9. The defendant shall not have any direct or indirect contact with the victim.

10. The defendant shall participate in a program for mental health counseling and/or anger management as determined by the Probation Department.

Case 2:07-cr-20369-VAR-VMM   ECF No. 33, PageID.158   Filed 02/08/21   Page 7 of 8

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___8___

DEFENDANT:  ROGER JUNIOR SWEET
CASE NUMBER:  07-CR-20369-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 500.00 | $ 0.00 | $ 0.00 | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | | |
|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐  the interest requirement is waived for    ☐  fine    ☐  restitution.

    ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 5 A — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page    8    of    8

DEFENDANT:    ROGER JUNIOR SWEET
CASE NUMBER:    07-CR-20369-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives assessment of a fine, including costs of incarceration and supervision, due to the defendant's inability to pay.